**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VALENTINE E. SOLIS,

    Defendant - Appellant.

No. 20-3018
(D.C. No. 6:18-CR-10166-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Defendant Valentine Solis appeals the district court's denial of his motion to suppress evidence obtained during a traffic stop. We agree that the district court applied the wrong legal standard to evaluate the constitutionality of the police officers' actions during the stop, and we conclude that the district court should address this issue under the correct standard in the first instance. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further consideration.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

According to the district court's account of the facts, which the parties do not dispute, Defendant was pulled over by Officers Vincent Reel and Jonathan Estrada when he committed a traffic violation after leaving a suspected drug house. After he stopped his vehicle, a Dodge Charger, Defendant opened his car door and began to exit, then "lean[ed] back into the car and reach[ed] for something." Dist. Ct. Order at 2. Officer Reel, who "was standing behind the right rear fender of the Charger," *id.*, could see through the Charger's rear window that Defendant was "frantically reaching for something in the car," *id.* at 7. "Believing that [Defendant] posed a threat to their safety, Reel and Estrada drew their firearms and began shouting at [him] to exit the vehicle with his hands raised." *Id.* at 2. "After being told multiple times to exit the vehicle with his hands up, [Defendant] stepped out of the Charger but remained at a suspicious angle to the Officers, trying to conceal something in his right hand." *Id.* Defendant eventually complied with the officers' commands to lie down on the ground, throwing a marijuana cigarette under his vehicle and attempting to hide his car keys under his chest as he did so. "Throughout the entire encounter, Estrada and Reel kept their guns drawn and pointed at [Defendant]." *Id.* at 3. Officer Reel cuffed Defendant while he was lying on the ground and found the marijuana cigarette under the vehicle. The officers then restrained Defendant in their police car and searched the Charger, discovering marijuana, methamphetamine, and a firearm.

Defendant filed a motion to suppress all evidence obtained from the traffic stop. After holding an evidentiary hearing, the district court denied the motion to suppress. Defendant then entered a conditional plea of guilty to possessing a controlled substance

2

with intent to distribute and possessing a firearm as a prohibited person. The district court sentenced him to 151 months' imprisonment. As permitted by the plea agreement, Defendant now appeals the denial of his suppression motion.

"When reviewing a district court's decision [on] a motion to suppress, this court reviews factual findings for clear error and legal determinations de novo." *United States v. Morales*, 961 F.3d 1086, 1090 (10th Cir. 2020) (internal quotation marks omitted).

Defendant's motion to suppress argued, among other things, that the officers' show of force shortly after he stopped his vehicle converted an otherwise proper traffic stop into an arrest, which was unlawful because it was not supported by probable cause. The district court rejected that argument on an improper ground. Apparently agreeing that Defendant had been arrested, it held that an arrest can be justified by exigent circumstances, such as a threat to officer safety. The authority upon which it relied, however, is inapposite. It addresses whether exigent circumstances can justify actions otherwise requiring a warrant, such as entering a home in hot pursuit of a suspect whom the officers had probable cause to arrest. The authority does not excuse the lack of probable cause when executing an arrest.

In its brief on appeal the government defends the district court's analysis by reframing it. It claims that the district court's reference to the exigent circumstance of officer safety is proper because a threat to officer safety can justify the use of force in executing a traffic stop without converting the stop into an arrest. *See, e.g.*, *United States v. Windom*, 863 F.3d 1322, 1330 (10th Cir. 2017) (Although "effectuating a *Terry* stop by pointing guns at a suspect may elevate a seizure to an arrest in most scenarios, we have

3

rejected a bright-line rule that the use of guns automatically turns the stop into an arrest." (citation and internal quotation marks omitted)).

This reframed analysis may well provide legal support for the district court's denial of the motion to suppress. But we are reluctant to rely on it at the appellate stage, particularly when the district court appeared to agree with Defendant that the officers had arrested him almost immediately after the traffic stop. "When the court of appeals notices a legal error, it is not ordinarily entitled to weigh the facts itself and reach a new conclusion; instead, it must remand to the district court for it to make a new determination under the correct law." *United States v. Hasan*, 609 F.3d 1121, 1129 (10th Cir. 2010). We therefore decline to decide this issue in the first instance on appeal.

We **REVERSE** and **REMAND** for the district court to consider Defendant's suppression motion under the correct legal standard. In so doing, we express no opinion on the merits.

Entered for the Court


Harris L Hartz
Circuit Judge

4